UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB MUNOZ-RODRIGUEZ,<br><br>Defendant. | Case No.: 18-CR-110-DMS-01<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

Presently before the Court is Defendant Jacob Munoz-Rodriguez's Motion to Reduce Sentence. (ECF No. 92.) For the reasons set out below, Defendant's motion is denied.

**I.**

**BACKGROUND**

Defendant Munoz-Rodriguez was sentenced by this Court on February 22, 2019, to 60 months imprisonment for violations of 21 U.S.C. §§ 952, 960, and 963, conspiracy to import marijuana. (ECF No. 74.) Defendant is currently in Reeves County Detention Center 3 in Pecos, Texas, with a projected release date of March 14, 2022. (ECF No. 92 at 5.) On August 6, 2021, he filed the instant motion, which the government opposed.

(ECF Nos. 92, 100.) Defendant did not file a reply. The matter is fully briefed and submitted.

## II.

## DISCUSSION

Defendant Munoz-Rodriguez seeks a reduction in sentence due to the harsh conditions of confinement at Reeves County Detention Center 3 in Texas. (ECF No. 92 at 3–6.) Defendant states these conditions have been ongoing since the pandemic lockdown began in April 2020. *Id.* at 4. The harsh conditions include, *inter alia*, overpopulation and understaffing, long hours confined to a crowded cell, and unspecified rights violations by facility officials. *Id.* at 3–4. Defendant specifically seeks up to a six-month reduction in his sentence, because he has served approximately eighty-five percent of his sentence and could be eligible for home detention pursuant to 18 U.S.C. § 3624(c)(2) except that he has been found deportable. *Id.* at 1, 5. The government opposes defendant's motion on numerous grounds. (ECF No. 100.)

The Court recognizes the toll of COVID-19 on those in custody. However, a federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Indeed, "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances," none of which Defendant articulates here. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)).

First, as this Court has already sentenced Defendant, any calculation of credit for time served is within the exclusive province of the Bureau of Prisons ("BOP"). *See United States v. Peters*, 470 F.3d 907, 908 (9th Cir. 2006) (per curiam) (holding district courts lack authority to give credit for time served). To the extent Defendant argues the BOP has incorrectly calculated his time-served credit, he must first exhaust his administrative remedies through the BOP before petitioning for judicial review. *See id.; see also United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (requiring exhaustion of administrative remedies before seeking review of time-served credits). Defendant has

made no argument or showing that he exhausted his administrative remedies. After doing so, he would then need to file a motion under 28 U.S.C. § 2241 in the district in which he is confined. Reeves County Detention Center 3 is in Pecos, Texas, in the Western District of Texas, Pecos Division. *See* 28 U.S.C. § 124(d)(6).

Second, Defendant argues for a downward "Smith" departure per *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), which held that a defendant's deportable status may increase the severity of his confinement and form the basis of a downward departure from the Sentencing Guidelines. However, that holding applied to a sentencing court considering conditions at the time of sentencing, not afterwards. *Id.* at 650. Again, now that this Court has sentenced Defendant, it has limited authority to modify that sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). To the extent Defendant seeks compassionate release, he must first exhaust his administrative remedies through the BOP. 18 U.S.C. § 3582(c)(1)(A). If Defendant seeks to challenge his conditions of confinement, he must file a motion in the Western Texas District in which he is confined, per 28 U.S.C. § 2241.

Third, Defendant cites 18 U.S.C. § 3624(c)(2) in his motion (ECF No. 92 at 5), which gives the BOP the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." In 2018, Congress amended that statute by adding the following: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5238 (2018); *see also* 18 U.S.C. § 3624(c)(2). Defendant argues that he is entitled to a 6-month sentence reduction because, while he would otherwise be entitled to home confinement under the amendment to Section 3624(c)(2), his status as "a deportable alien" prevents the BOP from placing him on home confinement. (ECF No. 92 at 6.) Defendant requests that the Court find that his is an extraordinary circumstance that would warrant an exception for home confinement. (*Id.*) However, such a decision is again within the province of the BOP, which "shall designate the place of the

prisoner's imprisonment." 18 U.S.C. § 3621(b). To the extent Defendant seeks this modification under Section 3582(c)(1)(A), he has not demonstrated that he exhausted his administrative remedies through the BOP.[1]

Finally, Defendant does not seek a sentence reduction based on retroactively applicable guideline amendments, 18 U.S.C 3582(c)(2), nor did he file a Federal Rule of Criminal Procedure 35 motion within 14 days of sentencing.

The Court's denial here accords with those in numerous similar hardship credit orders issued in the wake of the COVID-19 pandemic.[2] This includes the rejection of a similar motion filed in this District by a defendant in custody at Reeves County Detention Center 3. *See USA v. Rivera-Bolanos*, No. 19-CR-01286-W-1, ECF No. 28 (S.D. Cal. Aug. 27, 2021).

## CONCLUSION AND ORDER

The Court does not have a basis upon which to grant Defendant's requested relief. Thus, Defendant's motion to reduce sentence is denied.

**IT IS SO ORDERED.**

Dated:  December 2, 2021

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] The only authority Defendant cites to support this request is 18 U.S.C. § 3142, which concerns pretrial detention and is inapplicable here.  (ECF No. 92 at 6.)

[2] *See, e.g.*, *U.S. v. Mitchell*, No. 15-20609, 2021 WL 1827202, at *1 (E.D. Mich. May 7, 2021); *U.S. v. Bear*, No. 19-CR-10034-CBK, 2021 WL 1925488, at *1 (D.S.D. May 13, 2021); *United States v. Phillips,* No. 3:18-CR-142-BJD, 2021 WL 3666324, at *1 (M.D. Fla. Aug. 18, 2021); *United States v. Nevarez-Ledezma*, No. 19-CR-1379-KG, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021).